United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60645
Summary Calendar
_____

PRAMIT BOONNIN SANCHEZ

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A-29-999-175
--------------------

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pramit Boonnin Sanchez, a native and citizen of Thailand, challenges a final order of deportation issued by the Board of Immigration Appeals ("BIA") on July 10, 2002. Sanchez argues that: (1) the BIA violated her right to due process by summarily affirming the decision of the Immigration Judge ("IJ") pursuant

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 8 C.F.R. § 3.1(a)(7)**; (2) the Immigration and Naturalization Service ("INS") is barred from bringing deportation proceedings against her because it failed to comply with the statute of limitations set forth in § 246(a) of the Immigration and Nationality Act; and (3) the IJ's determination that her marriage was fraudulent is not supported by substantial evidence.

Sanchez's due process argument is foreclosed by this court's decision in Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). In Soadjede, this court rejected a due process challenge to the "streamlining" regulation, 8 C.F.R. § 3.1(a)(7), holding that the summary affirmance procedures do not violate due process and do not deprive the court of a basis for judicial review. 324 F.3d at 832-33.

Sanchez did not raise her statute of limitations argument before the BIA, either on direct appeal or in a motion to reopen. Thus, she has failed to exhaust her administrative remedies with respect to this claim. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). Accordingly, this court may not consider the issue.

Sanchez has not provided this court with compelling evidence warranting reversal of the IJ's determination that her marriage was fraudulent. See Moin v. Ashcroft, ___ F.3d ___ (5th Cir.

---

** The regulation previously cited as 8 C.F.R. § 3.1 (2002) can now be found at 8 C.F.R. § 1003.1 (2003). Because the parties referred to the 2002 regulation, and because the new regulation is either identical or substantially similar to the older version, we will refer to the 2002 regulation.

June 20, 2003, No. 02-60449) 2003 WL 21435473 at *1.

Accordingly, her petition for review of the BIA's decision is

DENIED.